**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THE FIRST LIBERTY INSURANCE CORPORATION a/s/o RODNEY AND JODI WOOTEN,** | : | |
| | : | |
| | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| vs. | : | **NO. 2:23-cv-02268** |
| | : | |
| **HAIER US APPLIANCE SOLUTIONS, INC. d/b/a GE APPLIANCES and WHIRLPOOL CORPORATION and SAMSUNG ELECTRONICS AMERICA, INC. and SANYO NORTH AMERICA CORPORATION,** | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants | : | |

## <u>O R D E R</u>

AND NOW, this _____ day of _____, 2023, it is hereby **ORDERED, ADJUDGED** and **DECREED** that upon consideration of Defendant, Haier US Appliance Solutions, Inc. d/b/a GE Appliances' Motion to Dismiss and the Plaintiff's response thereto, it is hereby **ORDERED**, that Defendant's Motion to Dismiss is **DENIED.**

**BY THE COURT:**

_____
**J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THE FIRST LIBERTY INSURANCE** | : | |
| **CORPORATION a/s/o RODNEY AND JODI** | : | |
| **WOOTEN,** | : | **CIVIL ACTION** |
|     **Plaintiff** | : | |
| | : | |
| **vs.** | : | **NO. 2:23-cv-02268** |
| | : | |
| **HAIER US APPLIANCE SOLUTIONS, INC.** | : | |
| **d/b/a GE APPLIANCES and WHIRLPOOL** | : | |
| **CORPORATION and SAMSUNG** | : | |
| **ELECTRONICS AMERICA, INC. and SANYO** | : | |
| **NORTH AMERICA CORPORATION,** | : | |
|     **Defendants** | : | |

<u>**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT, HAIER US APPLIANCE SOLUTIONS, INC. d/b/a GE APPLIANCES'
MOTION TO DISMISS**</u>

Plaintiff, by and through its counsel, hereby files this Response to Defendant, Haier US Appliance Solutions, Inc. d/b/a GE Appliances' Motion to Dismiss and in opposition hereof, Plaintiff avers as follows:

Defendant, Haier US Appliance Solutions, Inc. d/b/a GE Appliances, fails to show that Plaintiff's Complaint does not meet the threshold pleading requirements under the Federal Rules of Civil Procedure, warranting the granting of Defendant's Motion to Dismiss. That is, Defendant fails to show that Plaintiff's Complaint contains insufficient facts to state claims for relief or should be otherwise dismissed or amended.

Additionally, Defendant's Motion to Dismiss is premature as Plaintiff cannot schedule the destructive testing on the subject product to determine the proper manufacturer and seller, until all Defendants have answered Plaintiff's Complaint.

Count IV and V of Plaintiff's Complaint allege that Plaintiff's insureds, Rodney and Jodi Wooten, reasonably relied on Defendants' judgment, indications and statements that the subject Product was fit for such use and that Defendant advertises, markets and otherwise conveys to the general public and potential purchasers of microwaves, such as the subject Kenmore microwave at issue, that they are safe and fit for the particular purposes that this product was to be used for (Plaintiff's Complaint, ¶ 35 & 41).  Plaintiff alleges that the subject Kenmore microwave was not safe for use by consumers, and caused a fire that damaged Plaintiff's insured's property. (Plaintiff's Complaint, ¶ 12)   Plaintiff also alleges that as a result of the fire caused by the subject fire, Plaintiff's insured sustained damages.  (Plaintiff's Complaint, ¶¶ 17)

Defendants are all merchants of goods, such as the subject Kenmore microwave. Defendants manufactured and sold the subject Kenmore microwave containing one or more defects, which rendered it not of merchantable quality and unfit for the ordinary purposes that such a product is used. (Plaintiff's Complaint, ¶¶ 36)

It is well known that under the Federal Rules, parties need only meet the requirements for notice pleading. Fact pleading is not required. Plaintiff's complaint therefore meets the requirements of notice pleading for each cause of action alleged.

WHEREFORE, Plaintiff respectfully requests this Honorable Court DENY Defendant, Haier US Appliance Solutions, Inc. d/b/a GE Appliances' Motion to Dismiss the Plaintiff's Complaint.

**Law Offices of Mezzanotte, Hasson & Sichok**

BY:

Kim L. Michaels, Esquire
Attorney for Plaintiff
Identification No.  309236
P. O. Box 6835

Scranton, PA 18505-6835
(215) 627-3087

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE FIRST LIBERTY INSURANCE | : | |
| CORPORATION a/s/o RODNEY AND JODI | : | |
| WOOTEN, | : | **CIVIL ACTION** |
|      **Plaintiff** | : | |
| | : | |
| vs. | : | **NO. 2:23-cv-02268** |
| | : | |
| HAIER US APPLIANCE SOLUTIONS, INC. | : | |
| d/b/a GE APPLIANCES and WHIRLPOOL | : | |
| CORPORATION and SAMSUNG | : | |
| ELECTRONICS AMERICA, INC. and SANYO | : | |
| NORTH AMERICA CORPORATION, | : | |
|      **Defendants** | : | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT HAIER US APPLIANCE SOLUTIONS, INC. D/B/A GE APPLIANCES'S MOTION TO DISMISS

Plaintiff, The First Liberty Insurance Corporation a/s/o Rodney and Jodi Wooten, by and through its counsel, Law Offices of Mezzanotte, Hasson & Sichok, hereby files its response in opposition to Defendant, Haier US Appliance Solutions, Inc. d/b/a GE Appliances' Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(a)(1). In support of its response in opposition to Defendant's Motion to Dismiss, Plaintiff submits the following Memorandum of Law:

**I.**     **Procedural History**

Plaintiff filed its complaint for strict product liability, negligence and breach of warranty action against Defendants, in the Court of Common Pleas of Philadelphia County, February Term 2023, No. 2023-01869 on May 15, 2023. *(A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A").* On or about June 15, 2023, Defendant, Haier US Appliance Solutions, Inc. d/b/a GE Appliances, removed this matter to this Honorable Court, and then on

June 21, 2023, Defendant, Haier US Appliance Solutions, Inc. d/b/a GE Appliances, filed a

Motion to Dismiss plaintiff's Complaint.

## II.      Statement of Facts

Plaintiff's insured are owners and residents of real property located at 1702 Butternut

Circle, West Chester, PA (hereafter "subject property").  Defendant, Haier US Appliance

Solutions, Inc. d/b/a GE Appliances, is a manufacturer and seller of Kenmore microwaves such

as the one purchased by Plaintiff's insured's and that caused a fire in the subject property. On or

about February 19, 2021, the subject property sustained damages from a fire that originated in

the Kenmore microwave ("subject product").  Plaintiff believes and therefore avers that the

defendants are negligent in their manufacture and distribution of the defective subject product,

As a result of the aforesaid negligent acts by the defendants and resulting damages, Plaintiff

incurred damages in excess of $1,000,000.00.

## III.     Questions/Issue Presented

1.   Should the Complaint be dismissed where the Plaintiff has alleged sufficient facts so that

the defendant has the required notice and ability to defend?

Suggested Answer:   No.  Rule 8(a)(2) "[does] not require heightened fact pleading of

specifics, but only enough facts to state a claim to relief that is plausible on its face." _Bell_

_Atlantic Corporation v. Twombly_, 550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d at 949.

Nonetheless, to survive a 12(b)(6) motion, the complaint must provide "enough facts to raise a

reasonable expectation that discovery will reveal evidence of the necessary element[s]." Id.

2.   In the alternative, if the Complaint fails to meet the requirements of 12(b)(1), should the

Plaintiff be permitted to file an amended complaint, where there has been no showing of fraud or

bad faith?

Suggested Answer:  Yes. "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." _Alston v. Parker_, 363 F.3d 229, 236 (3d Cir.2004)

## IV.   Legal Argument

### A.      Standard of Review

In ruling on a Motion to Dismiss, this Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief." _Fowler_, 578 F.3d at 210 (quoting _Phillips v. County of Allegheny_, 515 F.3d 224, 233 (3d Cir. 2008)).

The U.S. District Courts are notice pleading courts, rather than fact pleading.

**Rule 8. General Rules of Pleading**
(a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:
    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8(a)(2) "[does] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." _Bell Atlantic Corporation v. Twombly_, 550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d at 949.

Although "conclusory or 'bare-bones' allegations will [not] survive a motion to dismiss," _Fowler_, 578 F.3d at 210, in response to a 12(b)(6) motion, the complaint must only provide

"enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." Id. (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940).

The U.S. Supreme Court in Twombly, did not change the notice pleading standard of the federal court system as Defendants seeming suggest.  In holding that there should be facts sufficient to make a claim "plausible," the Court only meant that pleading should be sufficient to "raise a right to relief beyond the speculative level."  See, *Infantino v. West Wyoming Borough*, 2013 WL 3972770, M.D.Pa.,2013 (quoting *Twombly*, 550 U.S. 544, 127 S.Ct. at 1965, 167 L.Ed.2d 929.)  "This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action."  Id.

### B.     Plaintiff's Complaint Does Not Fail to State A Claim For Which Relief Can Be Granted

Defendant fails to show that Plaintiff's Complaint contains insufficient facts to state claims for relief or should be otherwise dismissed or amended.  Plaintiff's Complaint speaks for itself *(See Exhibit A - Plaintiff's Complaint)*.  Additionally, Defendant's Motion to Dismiss is premature as Plaintiff cannot schedule the destructive testing on the subject product to determine the proper manufacturer and seller, until all Defendants have answered Plaintiff's Complaint.

### V.     Conclusion

As stated above, in ruling on a Motion to Dismiss, this Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief." *Fowler*, 578 F.3d at 210 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). This Court is a notice pleading court, not a fact pleading court and as such, "[does] not require

heightened fact pleading of specifics, but only enough facts to state a claim to relief that is

plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974,

167 L.Ed.2d at 949.  Plaintiff has alleged that defendants were responsible for the fire damages

at the subject property and were made by the Court to pay for the damages that were already paid

for by plaintiff, The First Liberty Insurance Corporation, and that defendant did not reimburse

plaintiff, thereby causing plaintiff's damages *(See Exhibit "A" - Plaintiff's Complaint).* Taking

these allegations as true, Plaintiff has made a plain statement for relief against defendant under

the causes of action asserted.

WHEREFORE, Plaintiff, The First Liberty Insurance Corporation a/s/o Rodney and Jodi

Wooten, by and through its counsel, Law Offices of Mezzanotte, Hasson & Sichok, hereby

requests that this Honorable Court DENY the defendant, Haier US Appliance Solutions, Inc.

d/b/a GE Appliances' Motion to Dismiss.


**Law Offices of Mezzanotte, Hasson & Sichok**


BY:

_____

Kim L. Michaels, Esquire
Attorney for Plaintiff
Identification No.  309236
P. O. Box 6835
Scranton, PA 18505-6835
(215) 627-3087